# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| WESTERN INTERNATIONAL SECURITIES, *et al.*, | ) ) ) ) |   |
| Petitioners, | ) ) |   |
| v. | ) ) | Civil Action No. 14-0819 (ESH) |
| CARRIE DEVORAH, *et al.*, | ) ) ) |   |
| Respondents. | ) ) ) |   |

## MEMORANDUM OPINION

Petitioners Western International Securities, Inc., Dawn Bennett, and Bennett Group Financial Services, LLC, seek confirmation of an arbitration award against respondents Carrie Devorah IRA, Carrie Devorah Living Trust, and Carrie Devorah, individually. Respondents oppose confirmation and have filed a petition to deny the award.[1] For the reasons stated herein, the petition to confirm the award will be granted and the petition to deny the award denied.

Under the Federal Arbitration Act (the "Act"), a party wishing to confirm an arbitration award may apply to the court for a confirmation order any time within one year "and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. However, a party has only three months to seek to vacate, modify or correct an arbitration award under sections 10 and 11. 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the

---

[1] Respondents have also filed a motion to seal documents they produced to petitioners in the course of the arbitration proceeding. (Motion for Order of Protection and Sealing, June 9, 2014 [ECF No. 5]). As respondents fail to identify any legal basis for this motion, it will be denied.

adverse party or his attorney within three months after the award is filed or delivered.").

Moreover, once those three months have elapsed, a party may not defend against a petition for confirmation on any of the grounds set forth in sections 10 and 11.[2] *See Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984) ("[A] party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm."); *Wallace v. Buttar*, 378 F.3d 182, 197-98 (2d Cir. 2004).

---

[2] Section 10 provides:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> > (1) where the award was procured by corruption, fraud, or undue means;
> > (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> > (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> > (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10. Section 11 provides:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration--
>
> > (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> > (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> > (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C.A. § 11.

In the present case, the arbitration award against respondents issued on January 30, 2014. Respondents did not seek to vacate, modify or correct the award in the ensuing three months. Only after petitioners filed a petition to confirm the award on May 19, 2014, did respondents challenge the award, objecting to confirmation and filing a "petition to deny" the award. However, as respondents failed to seek to vacate, modify or correct the award in the three months after the award was issued as required by the Act, 9 U.S.C. §12, their attempt to do so in response to the petition to confirm is time-barred. Accordingly, the petition to deny the award will be denied and the petition to confirm the award will be granted.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: August 7, 2014